IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARREN BEASON,            )
      Petitioner,      )   Civil Action No. 16-297 Erie
                          )
v.                        )
                          )   Magistrate Judge Susan Paradise Baxter
ATTORNEY GENERAL, et al., )
      Respondents.     )

## **MEMORANDUM AND ORDER**

Darren Beason (the "Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). He is challenging the judgment of sentence imposed upon him by the Court of Common Pleas of Erie County on July 12, 2012, at criminal docket number CP-25-CR-1728-2011. The Court may dismiss the petition prior to service if it plainly appears that the Petitioner is not entitled to habeas relief. See 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases In the U.S. District Courts. This Memorandum and Order provides the Petitioner with the required notice that the undersigned has made the preliminary determination that his claims are barred by AEDPA's one-year statute of limitations, which is codified at 28 U.S.C. § 2244(d). He may, within 30 days of the date of the attached Order, file a response with this Court to show cause why his claims should not be dismissed for failure to meet the statutory deadline.

**A.**     **Relevant Background**

On May 23, 2012, the Petitioner was convicted at of one count of delivery of cocaine. (ECF No. 4, Pet., ¶¶ 2(a), 5). See also Commonwealth v. Beason, No. 1923 WDA 2012, 2013 WL 11253498, *1 (Pa.Super.Ct. Oct. 17, 2013). On July 12, 2012, the trial court sentenced him to a term of 15 to

1

months' imprisonment, to be followed by 60 months of probation. (Id., ¶¶ 2(b), 3). In its opinion and order in which it affirmed his judgment of sentence, the Superior Court explained:

> The charge against [the Petitioner] arose from a controlled buy of crack cocaine, occurring on October 19, 2010, and involving a confidential informant, who was accompanied by Detective Michelle Orsini of the Erie Police Department Vice Unit. Lieutenant Nolan, the Vice Unit supervisor, was positioned across the street to obtain photo and video surveillance. At trial, the Commonwealth presented the testimony of the confidential informant, Orsini, Nolan, and Officer Michael Chodubski, who was also involved in preparations for the controlled buy. Both the confidential informant and Orsini identified [the Petitioner] as the individual who sold the crack cocaine. [The Petitioner] testified on his own behalf and denied his involvement in the drug transaction. He testified he was getting a ride with a friend, that he entered the van, and that he observed another occupant of the van, Otimio Williams, engage in the transaction with the confidential informant.

Beason, No. 1923 WDA 2012, 2013 WL 11253498, at *1.

On November 19, 2012, the Petitioner's appellate rights were reinstated *nunc pro tunc* after he filed a petition pursuant to Pennsylvania's Post Conviction Relief Act (the "PCRA"), 42 Pa.C.S. § 9541-46. The trial court denied his subsequent post-sentence motion, and the Petitioner then filed a direct appeal with the Superior Court. Id. at 1 n.1. He raised one claim: "that 'the trial court abused its discretion when, over timely objection, it allowed the prosecutor to elicit expert testimony [of Lieutenant Michael Nolan of the Erie Police Department] that the pattern of activity allegedly observed by himself and other witnesses was consistent with the usual pattern of narcotics transactions during a trial involving the delivery of a controlled substance.'" Id. at 1 (quoting the Petitioner's Brief at 5).

On October 17, 2013, the Superior Court issued a decision in which it affirmed the Petitioner's judgment of sentence. The Pennsylvania Supreme Court denied a petition for allowance of appeal ("PAA") on May 28, 2014. Commonwealth v. Beason, No. 13 WAL 2014, 93 A.3d 461 (Table) (Pa. 2014). The Petitioner's judgment of sentence became final on or around **August 26, 2014**, which is when the 90-day time period expired for filing a writ of certiorari with the Supreme Court of the United States

2

in his direct appeal. Gonzalez v. Thaler, 565 U.S. 134, 149-50 (2012) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (same). See also Jimenez v. Quarterman, 555 U.S. 113, 121 (2009) ("We hold that, where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A). In such a case, 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review' must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.")

On September 8, 2016, this Court's Clerk's Office received for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Clerk's Office docketed that case at Civil Action No. 1:16-223. The Court advised the Petitioner that if he wanted to proceed with the litigation he must pay the $5.00 filing fee or files a motion for leave to proceed *in forma pauperis* and refile the standard form for § 2254 petitions. (See ECF No. 2 in Civil Action No. 1:16-223).

On or around January 12, 2017, the Petitioner at this Civil Action Number (1:16-297) paid the $5.00 filing fee and submitted the standard form for § 2254 petitions. He raises the following three claims:

1. "Petitioner's sentence is illegal. Petitioner was tried and convicted at trial of one (1) count of Man., delivery, or poss. with intent to man. or deliver. However, the Petitioner received two (2) sentences. Thereby, being punished twice for the one offense."

2. "Ineffective assistance of counsel. Prior to trial Petitioner requested counsel to subpoena the other occupants of the vehicle, because the defense was the other occupant made the drug transaction, and Petitioner was not the only person in the vehicle's backseat as the officers testified to. Counsel refused to call the witnesses despite knowing their identities and whereabouts."

3

3. "Petitioner was deprived his rights to due process of law. Throughout the prosecution Petitioner's attempt to subject the prosecution's case to meaningful adversarial testing proved futile by counsel's refusal to effectively represent him."

(ECF No. 4, ¶ 12). On March 24, 2017, the Petitioner filed a supplement to his petition (ECF No. 5), in which he contends that the police entrapped him.

**B.     Discussion**

AEDPA imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and it provides, with a few exceptions not applicable here, that habeas corpus claims under 28 U.S.C. § 2254 be filed within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A). It also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d).

As set forth above, the Petitioner's judgment of sentence became final on or around **August 26, 2014**. Therefore, AEDPA's limitation period began to run on that date. The Petitioner had one year, until on or around **August 26, 2015**, to file a timely federal habeas petition with this Court. He did not identify in his petition any "properly filed application for State post-conviction or other collateral review," that was pending during the relevant time period (that is, between August 26, 2014 to August 26, 2015) that would statutorily tolled the limitations period under 28 U.S.C. § 2244(d)(2). Moreover, the criminal docket sheet for CP-25-CR-1728-2011, which is available for public review at <ujsportal.pacourts.us>, and of which this Court may take judicial notice, does not indicate that any qualifying pleading was pending in the state court during the relevant time period.[1]

---

[1]     The United States Supreme Court has held that AEDPA's statute-of-limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he

4

Accordingly, based upon all of the foregoing, it appears that all of the Petitioner's claims are untimely. Therefore, it will be recommended that they be dismissed unless he can demonstrate in his response to this Memorandum and Order that his claims were timely filed.

An appropriate Order follows.

Dated: May 19, 2017

/s/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
United States Magistrate Judge

---

shows both that: (1) he has been *pursuing his rights diligently*, and (2) some *extraordinary circumstance* stood in his way and prevented timely filing. Id. at 649. "This conjunctive standard requires showing *both* elements before we will permit tolling." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARREN BEASON, )
      Petitioner, ) Civil Action No. 16-297 Erie
       )
v. )
       ) Magistrate Judge Susan Paradise Baxter
ATTORNEY GENERAL, et al., )
      Respondents. )

## **ORDER**

AND NOW, this 19th day of May, 2017, IT IS HEREBY ORDERED that, within 30 days of the date of this Order, the Petitioner shall file a response to this Court's Memorandum and show cause why his claims should not be dismissed for failure to file them within the one-year limitations period.

                      /s/ Susan Paradise Baxter
                      SUSAN PARADISE BAXTER
                      United States Magistrate Judge