IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARREN BEASON, )
     Petitioner, ) Civil Action No. 16-297 Erie
)
v. ) District Judge Barbara Rothstein
) Magistrate Judge Susan Paradise Baxter
ATTORNEY GENERAL, et al., )
     Respondents. )

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.    RECOMMENDATION

Darren Beason (the "Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). It is respectfully recommended that the petition be summarily dismissed. See Rule 4 of the Rules Governing Section 2254 Cases In the U.S. District Courts (the Court may dismiss the petition prior to service if it plainly appears that the Petitioner is not entitled to habeas relief).

## II.    REPORT

### A.    Relevant Background

On May 23, 2012, the Petitioner was convicted in the Court of Common Pleas of Erie County (the "trial court") at criminal docket number CP-25-CR-1728-2011 of one count of delivery of cocaine. (ECF No. 4, Pet., ¶¶ 2(a), 5). See also Commonwealth v. Beason, No. 1923 WDA 2012, 2013 WL 11253498, *1 (Pa.Super.Ct. Oct. 17, 2013). On July 12, 2012, the trial court sentenced him to a term of 15 to 30 months' imprisonment, to be followed by 60 months of probation. (Id., ¶¶ 2(b), 3). In its decision affirming his judgment of sentence, the Superior Court of Pennsylvania explained:

> The charge against [the Petitioner] arose from a controlled buy of crack cocaine, occurring on October 19, 2010, and involving a confidential informant, who was

1

> accompanied by Detective Michelle Orsini of the Erie Police Department Vice Unit. Lieutenant Nolan, the Vice Unit supervisor, was positioned across the street to obtain photo and video surveillance. At trial, the Commonwealth presented the testimony of the confidential informant, Orsini, Nolan, and Officer Michael Chodubski, who was also involved in preparations for the controlled buy. Both the confidential informant and Orsini identified [the Petitioner] as the individual who sold the crack cocaine. [The Petitioner] testified on his own behalf and denied his involvement in the drug transaction. He testified he was getting a ride with a friend, that he entered the van, and that he observed another occupant of the van, Otimio Williams, engage in the transaction with the confidential informant.

Beason, No. 1923 WDA 2012, 2013 WL 11253498, at *1.

On November 19, 2012, the Petitioner's appellate rights were reinstated *nunc pro tunc* after he filed a petition pursuant to Pennsylvania's Post Conviction Relief Act (the "PCRA"), 42 Pa.C.S. § 9541-46. The trial court denied his subsequent post-sentence motion, and the Petitioner then filed a direct appeal with the Superior Court. Id. at 1 n.1. He raised one claim: "that 'the trial court abused its discretion when, over timely objection, it allowed the prosecutor to elicit expert testimony [of Lieutenant Michael Nolan of the Erie Police Department] that the pattern of activity allegedly observed by himself and other witnesses was consistent with the usual pattern of narcotics transactions during a trial involving the delivery of a controlled substance.'" Id. at 1 (quoting the Petitioner's Brief at 5).

On October 17, 2013, the Superior Court issued a decision in which it affirmed the Petitioner's judgment of sentence. The Pennsylvania Supreme Court denied a petition for allowance of appeal ("PAA") on May 28, 2014. Commonwealth v. Beason, No. 13 WAL 2014, 93 A.3d 461 (Table) (Pa. 2014). The Petitioner's judgment of sentence became final on or around **August 26, 2014**, which is when the 90-day time period expired for filing a writ of certiorari with the Supreme Court of the United States in his direct appeal. Gonzalez v. Thaler, 565 U.S. 134, 149-50 (2012) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (same). See also Jimenez v. Quarterman, 555 U.S. 113, 121 (2009) ("We

hold that, where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A). In such a case, 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review' must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.")

On **September 8, 2016**, this Court's Clerk's Office received for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Clerk's Office docketed that case at Civil Action No. 1:16-223. The Court advised the Petitioner that if he wanted to proceed with the litigation he must pay the $5.00 filing fee or files a motion for leave to proceed *in forma pauperis* and refile the standard form for § 2254 petitions. (See ECF No. 2 in Civil Action No. 1:16-223).

On or around January 12, 2017, the Petitioner filed a new case, which was docketed at this Civil Action Number (1:16-297), and he paid the $5.00 filing fee and submitted the standard form for § 2254 petitions. He raises the following three claims:

1. "Petitioner's sentence is illegal. Petitioner was tried and convicted at trial of one (1) count of Man., delivery, or poss. with intent to man. or deliver. However, the Petitioner received two (2) sentences. Thereby, being punished twice for the one offense."

2. "Ineffective assistance of counsel. Prior to trial Petitioner requested counsel to subpoena the other occupants of the vehicle, because the defense was the other occupant made the drug transaction, and Petitioner was not the only person in the vehicle's backseat as the officers testified to. Counsel refused to call the witnesses despite knowing their identities and whereabouts."

3. "Petitioner was deprived his rights to due process of law. Throughout the prosecution Petitioner's attempt to subject the prosecution's case to meaningful adversarial testing proved futile by counsel's refusal to effectively represent him."

3

(ECF No. 4, ¶ 12). On March 24, 2017, the Petitioner filed a supplement to his petition (ECF No. 5), in which he contends that the police entrapped him.

I subsequently gave the Petitioner the required notice that I would recommend that his claims be summarily dismissed as untimely. (ECF No. 7). He was provided with the opportunity to show cause why his claims should not be summarily dismissed. The Petitioner has filed his response (ECF No. 8), and this matter is now ready for review.

**B.     Discussion**

AEDPA imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and it provides, with a few exceptions not applicable here, that habeas corpus claims under 28 U.S.C. § 2254 be filed within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A). It also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d).

As set forth above, the Petitioner's judgment of sentence became final on or around **August 26, 2014**. Therefore, AEDPA's limitation period began to run on that date. The Petitioner had one year, until on or around **August 26, 2015**, to file a timely federal habeas petition with this Court. He did not direct this Court to any "properly filed application for State post-conviction or other collateral review," that was pending during the relevant time period (that is, between August 26, 2014 to August 26, 2015) that would statutorily toll the limitations period under 28 U.S.C. § 2244(d)(2). Moreover, the criminal docket sheet for CP-25-CR-1728-2011, which is available for public review at

4

<ujsportal.pacourts.us>, and of which this Court may take judicial notice, does not indicate that any qualifying pleading was pending in the state court during the relevant time period.

The Supreme Court has held that AEDPA's statute-of-limitations period "is subject to **equitable tolling** in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010) (emphasis added). A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649. See also United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013); Ross v. Varano, 712 F.3d 784, 798-804 (3d Cir. 2013); Munchinski v. Wilson, 694 F.3d 308, 329-32 (3d Cir. 2012). "This conjunctive standard requires showing **both** elements before we will permit tolling." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original). The United States Court of Appeals for the Third Circuit has explained:

> "There are no bright lines in determining whether equitable tolling is warranted in a given case." Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011). Nevertheless, "courts must be sparing in their use of equitable tolling," Seitzinger v. Reading Hosp. & Medical Ctr., 165 F.3d 236, 239 (3d Cir. 1999), and should do so "only when the principles of equity would make the right application of a limitation period unfair." Miller [v. New Jersey State Dept. of Corr.], 145 F.3d [616, 618 (3d Cir. 1998)].

Sistrunk, 674 F.3d at 190.

The Petitioner has not met his burden of demonstrating that he is entitled to equitable tolling. He does not identify any "extraordinary circumstance" that stood in his way of filing any of his claims within AEDPA's statute of limitations, nor has he shown that he acted with the required diligence. He asserts that he was not aware that there was a one-year statute of limitations [ECF No. 8], but it is well established that a petitioner's "lack of legal knowledge or legal training does not alone justify equitable tolling." Ross, 712 F.3d at 799-800 (citing Brown v. Shannon, 322 F.3d 768, 774 (3d Cir. 2003) (equitable tolling not justified where petitioner had one month left in limitations period in which he

5

could have filed "at least a basic pro se habeas petition" at the time that petitioner's attorney informed him that he would not file an appeal in state court on his behalf and could no longer adequately represent him); and Doe v. Menefee, 391 F.3d 147, 177 (2d Cir. 2004) ("Given that we expect pro se petitioners to know when the limitations period expires ... such inadvertence on Doe's part cannot constitute reasonable diligence.")).

The Petitioner also contends that he did not commit the crime for which he was convicted. (ECF No. 8). A credible claim of actual innocence can act as a "gateway" through which a federal habeas petitioner may pass to have an otherwise time-barred constitutional claim considered on the merits. Specifically, in McQuiggin v. Perkins, — U.S. — , 133 S.Ct. 1924 (2013), the Supreme Court recognized that the actual innocence gateway to federal habeas review developed in Schlup v. Delo, 513 U.S. 298 (1995) extends to cases where a petitioner's claims would otherwise be barred by the expiration of the one-year statute of limitations prescribed by AEDPA. It held that, in order to avoid a miscarriage of justice, a federal court may entertain a § 2254 petition if the petition states facts that could amount to a convincing claim of actual innocence even if AEDPA's statute of limitations for such a petition has expired. McQuiggin, 133 S.Ct. at 1934-35. This "actual innocence" exception applies only to a "severely confined category" of cases, namely, those matters where the petitioner produces new evidence sufficient to show that "it is more likely than not that no reasonable juror would have convicted [the petitioner]." Id. at 1933 (quoting Schlup, 513 U.S. at 329). The Supreme Court cautioned that "tenable actual-innocence gateway pleas are rare[,]"id. at 1928, and that "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" Id. at 1936 (quoting Schlup, 513 U.S. at 316). This is not one of those rare cases where the actual-innocence gateway applies.

6

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether the Petitioner's claims should be dismissed. Accordingly, a certificate of appealability should be denied.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petitioner's claims be summarily dismissed and that a certificate of appealability be denied with respect to all claims.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the Petitioner is allowed fourteen (14) days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: August 8, 2017

cc: The Honorable Barbara Rothstein
United States District Judge

Notice via first-class mail to the petitioner at his address of record and to:

Pennsylvania Attorney General's Office
Strawberry Square
Harrisburg, PA 17120

District Attorney's Office
Erie County Courthouse
140 West Sixth Street, Suite 506
Erie, PA 16501